UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80077-CR-Hurley

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

BRITTANY HATHAWAY,

    Defendant.
_____/

FILED by _____ D.C.

OCT 1 8 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION
## ON FINAL PROBABLE CAUSE HEARING

The Defendant is charged with violating her supervised release by submitting a urine sample on May 5, 2011 that tested positive for cocaine.

### Background

The Defendant, BRITTANY HATHAWAY, appeared before the Court on October 17, 2011, represented by AFPD Robert Adler. At the hearing, the government called USPO Marseia Roland as a witness. The Defendant objected to the hearsay testimony offered by the Government. The Defendant wanted to cross-examine the Probation Officer that collected the urine sample and the lab technicians that tested the sample. The Court reserved decision on the admissibility of the

hearsay statements, which are discussed more fully in the discussion section below, and proceeded to the testimony of the witness. The Court makes the following findings of fact.

The Defendant was originally convicted in 2009 of counterfeiting and sentenced to time served and three years supervised release. The Defendant was originally in a 60 day CARP program and was discharged for "huffing." (Inhaling aerosol). Her release conditions were modified for a residential re-entry program. She was subsequently discharged for alcohol usage, her supervised release was revoked, and she was sentenced to 60 days incarceration and two years of supervised release. Then in June and July, 2010, she violated her supervised release again when she tested positive for marijuana on several occasions and was sentenced to time served and her supervised release was reinstated.

The May 5, 2011 sample that tested positive for cocaine was collected by a now-retired Probation Officer out of Ocala that the Defendant asserts was biased. Allegedly the Defendant had complained about the officer's lack of follow-up on information provided by the Defendant. The sample was tested by a lab from Jacksonville and was confirmed by a lab from Richmond, Virginia.

The Defendant had submitted urine samples on April 28 and May 10, 2011, that tested negative. Per the testimony of Probation Officer Marseia Roland cocaine

stays in your system in detectable amounts for 72 hours. The Defendant asserted that she wanted to cross-examine the lab technicians about whether trace amounts of chemicals should have shown up in the May 10, 2011, sample if the Defendant had ingested cocaine sometime between April 28 and May 5, 2011.

## Discussion

### 1. Whether the Hearsay Testimony of the Witness is Admissible

In *United States v. Frazier,* 26 F.3d 110, 114 (11th Cir. 1994), the Eleventh Circuit held that the "Federal Rules of Evidence do not apply in supervised release revocation proceedings." The Court went on to find that the fact that the rules of evidence do not apply does not mean that hearsay evidence is automatically admissible. *Id.* The Court held that "in deciding whether or not to admit hearsay testimony, the court must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." *Id.* (citing *United States v. Penn,* 721 F.2d 762, 764 (11th Cir. 1983). Moreover, "the hearsay statement must be reliable." *Id.*

The Supreme Court in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354 (2004) held that where the declarant is unavailable, testimonial hearsay is inadmissible unless the defendant has had a prior opportunity to cross examine the declarant. *Crawford,* 541 U.S. at 68, 124 S.Ct. at 1374. Otherwise, to admit

testimonial hearsay would violate the Sixth Amendment's confrontation clause. *Id.*

Subsequently, the Supreme Court clarified that forensic and laboratory reports prepared for use during litigation are testimonial in nature. *Melendez–Diaz v. Massachusetts*, 129 S.Ct. 2527, 2531–32, 174 L.Ed.2d 314 (2009).

However, the Eleventh Circuit has not extended *Crawford* to supervised release hearings. "[R]eliance on *Crawford* is misplaced, because that holding interprets rights guaranteed by the Sixth Amendment, which has not been interpreted to apply to supervised release revocation proceedings." *United States v. Geathers*, 2008 WL 4682618 (11th Cir. 2008). *Accord United States v. Zayas,* 2005 WL 1953117, Case No. 05-10505 (11th Cir. 2005) ("[b]ecause the Supreme Court's decision in *Crawford* involved a violation of the Sixth Amendment, it arguably should not be construed as controlling in non-criminal proceedings involving the revocation of supervised release . . ." and citing as persuasive authority the Second Circuit decision in *United States v. Aspinall,* 389 F.3d 332 (2nd Cir. 2004) (abrogated on other grounds), *United States v. Fleming,* 397 F.3d 95, 99 n.5 (2nd Cir. 2005) and *United States v. Martin,* 382 F.3d 840 (8th Cir. 2004)(holding *Crawford* inapplicable in revocation proceedings)); *United States v. Cantellano*, 430 F.3d 1142, 1146 (11th Cir. 2005) ("a district court may use reliable hearsay at sentencing"); *United States v. Morris,* 140 Fed.Appx. 138, 143 (11th Cir. 2005) (holding that "the Sixth Amendment right

to confrontation is specifically limited to 'criminal prosecutions.' The Supreme Court previously has held that the revocation of parole is not part of a criminal prosecution.") (internal citations omitted).

This Court views these cases to be controlling, and finds that *Crawford* does not apply to supervised release revocation hearings. *See also United States v. Left Hand Bull*, No. CR 05-30106(01)-CBK, 2009 WL 2030544 (D.S.D. July 13, 2009) (*Melendez-Diaz* and *Crawford* do not apply to alcohol and drug test results in a supervised release revocation setting).

Turning now to the *Frazier* balancing test, the Court must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation, and determine whether the hearsay statement is reliable. *Frazier* at 114.

As to reliability, courts have found that hearsay evidence is reliable where it has been corroborated. *United States v. Garcia*, 24 Fed.Appx. 872 (10th Cir. 2001)(at sentencing double hearsay statement against interest in a police report reliable where corroborated); *United States v. Roach*, 978 F.2d 573, 576 (10th Cir.1992) (hearsay testimony by agent reliable even though contradicted by defendant's testimony); *United States v. Pratt*, 52 F.3d 671, 675 (7th Cir.1995) (officer's hearsay testimony of the investigation was reliable because it was corroborated by police reports, written

statements of the victims, photographs, and other documents); *Egerstaffer v. Israel*, 726 F.2d 1231, 1235 (7th Cir. 1984)(taped interview admissible, because, besides being internally consistent and detailed and having been repeated several times, it was corroborated by eyewitness testimony and defendant's admissions); *United States v. McCallum*, 677 F.2d 1024, 1026 (4th Cir. 1982)(letter from Salvation Army was reliable as it resembled an official report and was corroborated by defendant's testimony).

However, at a sentencing hearing corroboration of the probation officer (who spoke to the investigating officer) was not necessary to make hearsay testimony reliable. *United States v. Cuellar-Flores*, 891 F.2d 92, 93 (5th Cir.1989); *United States v. Marin-Cuevas*, 147 F.3d 889, 895 (9th Cir.1998) (upholding sentencing court's reliance on the uncorroborated report of a probation officer).

The Eleventh Circuit in *United States v. Morris,* 140 Fed.Appx. 138 (11th Cir. 2005) held that a report prepared by a case worker at a halfway house and relied upon by a Probation Officer at a supervised release hearing was reliable. *United States v. Morris,* 140 Fed.Appx. at 143; accord *United States v. Lora*, 251 F.3d 164 (11th Cir.2001).

Applying the balancing test of *Frazier*, this Court concludes that the hearsay evidence is admissible. The Government had good reasons for not calling the now-

retired Probation Officer from Ocala and the lab technicians from Jacksonville and Richmond. Summoning witnesses from around the country to testify about routine chain of custody and drug testing procedures would be unduly cumbersome and costly for supervised release hearings. The Defendant did not present any evidence that cocaine usage can be detected more than 72 hours after ingestion. The drug tests corroborated each other. The Defendant's history of violating supervised release for drug abuse corroborated the chain of custody and test results. The reports of the Probation Officer that collected the sample and the lab technicians that tested it are inherently reliable.

This Court will now turn to the issue of whether the Government has demonstrated, by a preponderance of the evidence, that the Defendant violated the conditions of her supervised release.

### 2. Whether the Government has Proven, by a Preponderance of the Evidence, that the Defendant Violated the Conditions of Supervised Release

The section pertaining to revocations of supervised release requires the court to find that the Defendant violated the conditions of his supervised release by a preponderance of the evidence rather than beyond a reasonable doubt. *See Johnson v. United States,* 529 U.S. 694, 700, 120 S.Ct. 1795 (2000)(citing 18 U.S.C. § 3583(e)(3)); *United States v. Poellnitz,* 372 F.2d 562, 566 (3d Cir. 2004) (stating,

"[t]he plain language of § 3583(e)(3) requires a finding by 'a preponderance of the evidence' that the defendant violated a condition of his supervised release."); 18 U.S.C. § 3583(e)(3).

This Court finds by a preponderance of the evidence that the above findings of fact prove the charged violation of supervised release. Accordingly, this Court **RECOMMENDS** that the District Court find the Defendant **GUILTY** of violating the terms of her supervised release.

The Clerk is **ORDERED** to set this matter on the sentencing calendar of the Honorable Daniel T. K. Hurley, Senior United States District Court Judge.

A party shall serve and file written objections, if any, to this Report and Recommendation with United States District Court Judge Daniel T. K. Hurley within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. *See United States v. Warren*, 687 F.2d 347, 348 (11th Cir.1982), *cert. denied*, 460 U.S. 1087 (1983).

**DONE and SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 18 day of October, 2011.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record
U.S. Probation
Clerk of Court